IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FYR SFR BORROWER, LLC, | : | CIVIL ACTION NO. |
| | : | 1:25-CV-5947-AT-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM CARTER, and all other occupants, | : | |
| | : | **ORDER AND FINAL REPORT** |
| Defendants. | : | **AND RECOMMENDATION** |

Defendant William Carter,[1] proceeding *pro se*, seeks leave to remove this action from the Magistrate Court of Clayton County and seeks to do so *in forma pauperis,* without prepaying applicable fees and costs, under 28 U.S.C. § 1915(a)(1). Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] ("Application") is incomplete and leaves blank, among other things, questions about Defendant's income and employment history; expected income amount next month; and assets, such as cash, bank accounts, vehicles, or a home. *See* App. [1] ¶¶ 1–5. In this case, however, it would be futile to ask for more information because, as explained below, this case would be subject to remand in

---

[1] While the named Defendant in this dispossessory action is "William Carter and All Others," the Notice of Removal also identifies Robert Stafford as the Petitioner/Occupant. *See* Notice of Removal [1-1] at 5. Robert Stafford does not appear to sign the Application nor the Notice of Removal, however, and the only signature appears to have been provided by William Carter. *See id*. at 5–6; App. [1] at 1. Because the Court is recommending remand of this action for lack of jurisdiction, the Court need not address Stafford's standing to remove the action nor any other potential deficiencies in the Notice of Removal.

any event based on a lack of jurisdiction. Thus, the Court **GRANTS** Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] for purposes of reaching the question of jurisdiction.

Pursuant to 28 U.S.C. § 1447, if at any time before final judgment it appears that this Court lacks subject matter jurisdiction over an action that has been removed from a state court, this Court must remand the action. *See* 28 U.S.C. § 1447(c). The undersigned must therefore examine Defendant's Notice of Removal [1-1] to determine whether this Court has jurisdiction over Plaintiff's claims. "In removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Defendant contends that this Court has jurisdiction over this action broadly under the United States Constitution and various federal jurisdiction statutes including 28 U.S.C. §§ 1331, 1367, 1441, 1443, 1446(d). [2] *See* Notice of Removal [1-1] at 1, 4. Although Defendant has not attached a copy of any answer or counterclaim purportedly filed in the Magistrate Court of Clayton County,

---

[2] 18 U.S.C. § 1446(d) pertains only to the removal notice requirement, requiring the removing party to give written notice to adverse parties and the state court. *See* 18 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

2

Defendant appears to assert counterclaims under 18 U.S.C. §§ 241 and 242. *See id.* at 4.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under 28 U.S.C. § 1441, a defendant may remove a civil action to a district court on the basis of such federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The Supreme Court has held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint" rule. That rule provides that federal jurisdiction exists only when a federal question is presented on the face of the state-court plaintiff's properly-pleaded complaint. *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936); *see also Anderson v. Household Fin. Corp.*, 900 F. Supp. 386, 388 (M.D. Ala. 1995).

The Court has reviewed the record and determined that Defendant has not established federal question jurisdiction under 28 U.S.C. § 1331 such that removal would be proper. Defendant's Notice of Removal does not appear to contend that Plaintiff has asserted any federal claims in the subject state-court action. Rather, Plaintiff has brought a dispossessory action against Defendant in the Magistrate Court of Clayton County as a tenant for a failure to pay rent. *See* Notice of Removal [1-1] and attachments. A dispossessory or eviction action is a proceeding governed by state law which does not typically implicate federal law. *See Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010).

Defendant has not identified any federal question raised in this dispossessory action that would allow removal to this Court under 28 U.S.C. § 1441. Therefore, removal under the supplemental jurisdiction statute, 28 U.S.C. § 1367, which provides courts with jurisdiction over claims related to those over which the district court has original jurisdiction, also does not apply.

The assertion of counterclaims or defenses under federal law, whether they raise a federal question or not, is not a valid basis for removal. Under the well-pleaded complaint rule, federal defenses and counterclaims are not sufficient to confer jurisdiction on this Court to hear an action removed from a state court. *See Citimortgage*, 705 F. Supp. 2d at 1381 ("If a federal question is not presented on the face of the complaint, 'it is no substitute that the defendant is almost certain to raise a federal defense.' Thus, it is immaterial that [defendant] alleges that his constitutional rights have been violated." (quoting *Pan Am. Petroleum Corp. v. Superior Court of Delaware*, 366 U.S. 656, 663 (1961))); *Fed. Land Bank of Columbia v. Cotton*, 410 F. Supp. 169, 170 n.1 (N.D. Ga. 1975) ("defendant's defense and counterclaim relating to truth-in-lending violations are clearly not sufficient to confer subject-matter jurisdiction upon this court for the entire action").

To the extent that Defendant seeks removal pursuant to 28 U.S.C. § 1443, the Court finds that removal under that statute is not warranted. That statute provides that a defendant may remove an action if the action is brought "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law

providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1); *see Georgia v. Rachel*, 384 U.S. 780, 792 (1966); *see also Taylor v. Phillips*, 442 F. App'x 441 (11th Cir. 2011); *Alabama v. Conley*, 245 F.3d 1292 (11th Cir. 2001).

In *Georgia v. Rachel*, the United States Supreme Court articulated a "two-prong test which a removal petition filed pursuant to § 1443(1) must satisfy. First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'" *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 792). "A defendant's reliance on broad constitutional or statutory provisions does not support removal under section 1443 when those provisions 'are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that section 1443 demands.'" *Kopec v. Jenkins*, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting *Rachel*, 384 U.S. at 792).

The second prong of § 1443(1) requires the petitioner to show that he or she "has been denied or cannot enforce that right in the state courts." *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 794); *see also Northside Realty Assocs., Inc. v. Chapman*, 411 F. Supp. 1195, 1198 (N.D. Ga. 1976). This prong normally requires a specific showing that the "denial be manifest in a formal expression of state law." *Johnson v. Mississippi*, 421 U.S. 213, 219–20 (1975) (citing *Rachel*, 384 U.S. at 803). The Supreme Court has explained that "the vindication of the defendant's

5

federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966); *see also Northside Realty Assocs., Inc.*, 411 F. Supp. at 1198.

But even when a defendant cannot point to "a pervasive and explicit state or federal law" that would deny him the protection of a federal civil rights statute, he may also be able to remove a case to federal court when the plaintiff's very act of bringing the case against him in state court is a violation of his rights protected by the federal civil rights law. *See Rachel*, 384 U.S. at 805; *Peacock*, 384 U.S. 808. Thus, a narrow exception exists "when a lawsuit filed in state court is itself the act by which the movant's civil rights are violated." *Sofarelli v. Pinellas Cnty.*, 931 F.2d 718, 725 (11th Cir. 1991) (citing *Northside Realty Assocs., Inc.*, 411 F. Supp. 1195). This exception requires a showing by the petitioner that he or she was engaged in protected activity, that the state court action was brought against him or her for having engaged in the protected activity, and that the action has the effect of coercing, intimidating, threatening, and otherwise interfering with her rights under the appropriate statute. *See Northside Realty Assocs., Inc.*, 411 F. Supp. at 1199–1200; *see also Rogers v. Rucker*, 835 F. Supp. 1410, 1412 (N.D. Ga. 1993).

In this case, the Court finds that Defendant fails to satisfy either prong of the *Georgia v. Rachel* test. Under the first prong of the *Georgia v. Rachel* test, Defendant

must identify an alleged violation of a federal law "providing for specific civil rights stated in terms of racial equality." *Conley*, 245 F.3d at 1295 (quoting *Rachel*, 384 U.S. at 792). Defendant, however, does not assert a counterclaim involving civil rights violations in terms of racial equality. Instead, Defendant raises counterclaims against Plaintiff under 18 U.S.C. §§ 241 and 242, which arise under the federal criminal code. *See* Notice of Removal [1-1] at 4. Moreover, Title 18 does not create civil liability or a private right of action, and private parties may not maintain suit under most Title 18 provisions. *See Laster v. CareConnect Health Inc.*, No. 1:20-CV-137 (LAG), 2020 WL 7486722, at *3 (M.D. Ga. Dec. 10, 2020), *aff'd*, 852 F. App'x 476 (11th Cir. 2021) (citations omitted). Therefore, the Defendant may not remove this action under 28 U.S.C. § 1443(1).

Defendant has not alleged that this Court has diversity jurisdiction over this action. *See* 28 U.S.C. § 1332(a). But even if Defendant had alleged diversity as a basis for jurisdiction, diversity between parties does not provide a basis for removal to federal court if any of the properly joined defendants is a citizen of the state in which the action is brought. *See* 28 U.S.C. § 1441(b)(2). In this case, Defendant states that he or she is a resident of Clayton, Georgia,[3] and does not allege citizenship in any other state. *See* App. [1] ¶ 13. Thus, this action may not be removed on the basis of diversity jurisdiction.

---

[3] While it is unclear if Defendant resides in Clayton County, Georgia, or the city of Clayton, Georgia, in Rabun County, Defendant nevertheless does not allege he or she resides in another state.

Accordingly, while Defendant's Application to Proceed in District Court without Prepaying Fees or Costs [1] is **GRANTED**, for the reasons discussed, the undersigned **RECOMMENDS** that this action be **REMANDED** to the Magistrate Court of Clayton County. As this is a Final Report and Recommendation, there is nothing further in this action pending before the undersigned. Accordingly, the Clerk is **DIRECTED** to terminate the reference of this matter to the undersigned.

**IT IS SO ORDERED and RECOMMENDED** this 27th day of October, 2025.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE